(93 South. 195)

No. 23654.

STAFFORD et al. v. MURRAY.

(On Motion to Dismiss Appeal, Jan. 5, 1920.
On the Merits, June 22, 1922.)

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss Appeal.

1. Courts ⬳224(11)—Supreme Court has jurisdiction of possessory action where possession may be worth more than jurisdictional amount.

In a possessory action, where it may be that, if no one else could show title, defendant's possession might be equivalent to ownership, and equal in value to the jurisdictional amount, the Supreme Court has jurisdiction.

On the Merits.

2. Landlord and tenant ⬳18(3)—Evidence held to show defendant's possession was by sufferance and later as tenant.

In a suit to quiet plaintiffs' possession of land and enjoin defendant from interfering with plaintiffs' tenant, evidence *held* to show that defendant's possession of the land was by sufferance and later as tenant of plaintiffs.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; James Andrews, Judge.

Suit by J. W. Stafford and others against Charles Murray. From a judgment for plaintiffs, the defendant appeals. Affirmed.

R. F. Liebler and John H. Mathews, both of Alexandria, for appellant.

Hakenyos, Hunter & Scott, of Alexandria, for appellees.

On Motion to Dismiss Appeal.

By the WHOLE COURT as then constituted.

DAWKINS, J. Plaintiffs have moved to dismiss this appeal upon the grounds that the value of the rights involved is less than the minimum jurisdiction of this court.

[1] This suit was instituted as a possessory action coupled with an injunction to restrain the defendant from trespassing upon the property, and from interfering with plaintiff's possession thereof. Defendant answered, denying the possession of plaintiff, averring that he was in possession, and that this possession was worth to him the sum of $3,500. He also claimed the sum of $1,000 as damages.

The property consists of 43¾ acres of improved land, and appears to have been rented to the defendant during the year 1918 at $225 per year. However, we cannot decide the question of who was in possession or entitled to the possession, or legally entitled to raise that issue without passing upon the merits. It might well be that, if no one else could show a title which would oust defendant from possession, if he had such as would support a possessory action, such possession might be equivalent to the ownership of the property, and therefore equal to its value, and which might easily exceed the sum of $2,000.

For the reasons assigned, the motion to dismiss is denied.

On the Merits.

By Division A, composed of PROVOSTY, C. J., and OVERTON and LECHE, JJ.

PROVOSTY, C. J. [2] In 1891 defendant bought 20 acres of the land in controversy, which is a tract of 44 acres, and in 1899 sold it to one Shackleford. The latter in that same year acquired 73 acres contiguous, and in 1905 sold the 93 acres to one Marshall. The latter, on January 2, 1908, sold the 93 acres to plaintiffs; and plaintiffs on the same day agreed in writing to sell same to defendant for $1,589.30, "provided said Charles Murray pays said amount with interest at 8 per cent. from date on or before four years from date."

Murray fenced, and took possession of, the 44 acres of land in controversy at the time he bought the 20 acres in 1891; and he con-

tinued in possession until the end of the year 1918. The question in this case is as to whether he had possession thereafter; for this is an injunction suit to quiet plaintiffs' possession, and prevent Murray from interfering with the tenant to whom plaintiffs leased the land for the year 1919.

Whatever may have been defendant's tenure prior to plaintiffs' acquisition in 1908, it was from that date either by sufferance or as tenant of plaintiff. This is shown by the record beyond serious question, though defendant questions it.

Defendant says that he bought this land in 1891, whereas his deed of purchase shows that as a matter of fact he then bought only 20 acres. He does not deny that he sold his 20 acres to Shackleford; and, though he offered in evidence the written option to purchase given him by plaintiffs in 1908, he does not pretend to have exercised this option; and yet he testifies that his possession throughout was as owner.

Plaintiffs do not deny that defendant has been in possession and admit that he was charged no rent prior to 1918; but Mr. Stafford explains that this was because they wanted to give defendant a chance to pay for the property under the option, and that his crops were not even sufficient to cover the advances made him to enable him to cultivate the land, but that in 1917, defendant having paid up all he owed, they notified him that for 1918 he would have to pay rent, and that he executed a note of $225 for this rent, payable in October, 1918, and that he duly paid this note.

Defendant's learned counsel say that Mr. Stafford does not testify to having personally made this contract for rent with defendant, and has no personal knowledge of the matter. But the record shows that Mr. Stafford was asked:

"Q. Which one of you had the dealings with Chas. Murray last year in regard to this rent? A. Up there in the store, Mr. Weil and myself. Q. Charles Murray gave you a note for $225 last year? A. Yes, sir. Q. Was that the time you had the agreement about rent with him? A. Yes, sir."

The note is in evidence; and defendant does not deny that he paid it, and does not pretend that there was any other debt for which it could have been given. He testified in that connection as follows:

"Q. Did you sign this note which has been identified as Defendant's Exhibit 2, for $225? A. Yes, sir; I signed it for $225, they sent it to me in April. They sent it down there, and I sent it back. I came up here and seen them. Came up here to see Mr. Stafford about this note, why should I sign it when the land belonged to me, making me pay rent on my own land. Q. Why did you sign it? A. Because I didn't have any business to do it, but I did do it, because at the time I signed it I had borrowed money from a man to make the crop; after they told me they couldn't do anything for me, I borrowed the money from another man to make my crop on. Q. You did sign this note and give it to Stafford & Weil for rent for 1918? A. I did. Q. You didn't owe them anything else? A. No, sir."

Manifestly defendant's possession prior to 1918 was by sufferance and was as tenant in 1918, and not as owner.

The trial court held with plaintiffs.

Judgment affirmed.